**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CARRIE MARTIN,**

Plaintiff,

**vs.**                                              **CASE NO.** _____

**MCCARTHY, BURGESS & WOLFF, INC.,**

Defendant.

_____/

**COMPLAINT**
**JURY DEMAND**

**INTRODUCTION**

1.      Plaintiff alleges that Defendant left voicemail messages for Plaintiff in which Defendant failed to disclose its status as a debt collector in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 1337 and 15 U.S.C. § 1692k.   Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

**PARTIES**

3.      Plaintiff, Carrie Martin is a natural person and a citizen of the State of Florida, residing in Pasco County in the Middle District of Florida.

4.      Defendant, McCarthy, Burgess & Wolff, Inc. is a foreign business corporation organized and existing under the laws of the State of Ohio with its principal place of business and corporate offices in Cleveland, OH.

5.      Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6.      Defendant regularly collects or attempts to collect debts for other parties.

7.      Defendant is a "debt collector" as that term is defined in the FDCPA.

8.      Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

9.      Defendant is registered with the Florida Office of Financial Regulation as a consumer collection agency.

**FACTUAL ALLEGATIONS**

10.     Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family, or household purposes.

11.     Defendant left the following messages on Plaintiff's voice mail on her cellular telephone on or about the dates stated:

> July 30, 3015 at 11:50 AM
> Carrie M. Martin—this is Rick Aquilano calling from McCarthy, Burgess & Wolff. I was hoping I'd be able to get a hold of you today. When you get the message give me a call back. My number is 440-735-5100 extension 4258. I'll talk to you soon.

> July 31, 2015 at 9:30 AM
> Carrie M. Martin—Rick Aguilano –McCarthy, Burgess & Wolff. Carrie I left a message for you yesterday, but I haven't heard back from you yet. I'm not sure if I may have missed your call, or if you just haven't had a chance to return it yet. With tomorrow

being the first, I wanted to try you again. When you get the message give me a call back 440-735-5100 extension 4258. I'll be here all morning.

August 3, 2015 at 9:50 AM
Carrie M. Martin—this is Rick Aguilano calling from McCarthy, Burgess & Wolff. It's Monday morning. I was hoping I'd be able to get a hold of you today. When you get the message give me a call back. My number is 440-735-5100 extension 4258. I'll talk to you soon.

August 4, 2015 at 12:17 PM
Carrie M. Martin—this is Rick Aguilano calling from McCarthy, Burgess & Wolff. It's Tuesday afternoon. I was hoping I'd be able to get a hold of you today. When you get the message give me a call back. My number is 440-735-5100 extension 4258. I'll talk to you soon.

August 5, 2015 at 8:35 AM
Carrie M. Martin—this is Rick Aguilano calling from McCarthy, Burgess & Wolff. It's Wednesday morning. I was hoping I'd be able to get a hold of you today. When you get the message give me a call back. My number is 440-735-5100 extension 4258. I'll talk to you soon.

August 6, 2015 at 8:30 AM
Carrie M. Martin—this is Rick Aguilano calling from McCarthy, Burgess & Wolff. It's Thursday morning. I was hoping I would be able to get a hold of you today. When you get the message give me a call back. My number is 440-735-5100 extension 4258. I'll talk to you soon.

August 27, 2015 at 3:34 PM
Carrie M. Martin—this is Rick Aguilano calling from McCarthy, Burgess & Wolff. It's Thursday afternoon. I was hoping I'd be able to get a hold of you today. When you get the message give me a call back. My number is 440-735-5100 extension 4258. I'll talk to you soon.

September 24, 2015 at 3:50 PM
Carrie M. Martin—this is Rick Aguilano calling from McCarthy, Burgess & Wolff. It's Thursday afternoon. I was hoping I would be able to get a hold of you today. When you

get the message give me a call back. My number is 440-735-5100  extension 4258. I'll talk to you soon.

12.    Defendant left similar or identical messages on other occasions. (Collectively, "the telephone messages").

13.    The messages are "communications" as defined by 15 U.S.C. § 1692a(2). *See* Belin v. Litton Loan Servicing, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla. July 14, 2006) (holding that messages left on the debtor's answering machine were "communications" under the FDCPA); Foti v. NCO Fin. Sys., 424 F.Supp.2d 643, 655-56 (S.D.N.Y.2006) (holding that a voice mail message is a "communication" under the FDCPA); Hosseinzadeh v. M.R.S. Assocs., Inc., 387 F.Supp.2d 1104, 1115-16 (C.D.Cal. 2005) (same).

14.    Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages.

## COUNT I
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692d(6)

15.    Plaintiff incorporates Paragraphs 1 through 14 above as if fully set forth herein.

16.    Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its purpose in the telephone messages in violation of 15 U.S.C §1692d(6). ).  *See* Dokumaci v. MAF Collection Servs, 2011 U.S. Dist. LEXIS 22390, *8 (M.D. Fla. Mar. 4, 2011) ("Courts have defined 'meaningful disclosure' to include disclosure of the caller's name, the debt collection company's

name, and the nature of the debt collector's business."); <u>Wood v. GC Servs., LP</u>, 2012 U.S. Dist. LEXIS 39724, *6-7  (M.D. Fla. Jan. 26, 2012) (finding violation of section 1692d(6) where debt collector's employee did not state her name or disclose the nature of the debt collector's business in a communication with the consumer); <u>Beeders v. Gulf Coast Collection Bureau</u>, 796 F. Supp. 2d 1335, 1339 (M.D. Fla. Jan. 12, 2011) (explaining that section 1692d(6) requires debt collectors to explain the nature of their business).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.   Damages;

    b.   Attorney's fees, litigation expenses and costs of suit; and

    c.   Such other or further relief as the Court deems proper.

### COUNT II
### FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR
### IN VIOLATION OF 15 U.S.C. § 1692e(11)

17.    Plaintiff incorporates Paragraphs 1 through 14 above as if fully set forth herein.

18.    Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. § 1692e(11). *See e.g.*, <u>Foti v. NCO Fin. Sys.</u>, 424 F. Supp. 2d 643, 646 (S.D.N.Y. 2006); <u>Belin v. Litton Loan Servicing</u>, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla. 2006); <u>Leyse v. Corporate Collection Servs.</u>, 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. 2006).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.  Damages;

b.  Attorney's fees, litigation expenses and costs of suit; and

c.  Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

/s/ James S. Giardina
[ X ] James S. Giardina – Trial Counsel
Fla. Bar No. 0942421
[    ] Kimberly H. Wochholz
Fla. Bar No. 0092159
The Consumer Rights Law Group, PLLC
3104 W. Waters Avenue, Suite 200
Tampa, Florida 33614-2877
Tel: (813) 435-5055 ext 101
Fax: (866) 535-7199
James@ConsumerRightsLawGroup.com
Kim@ConsumerRightsLawGroup.com
*Counsel for Plaintiff*